OSCN Found Document:WARD & LEE, P.L.C. v. CITY OF CLAREMORE

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 WARD & LEE, P.L.C. v. CITY OF CLAREMORE
2014 OK CIV APP 1
316 P.3d 225
Case Number: 109895
Decided: 05/31/2013
Mandate Issued: 01/03/2014
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2014 OK CIV APP 1, 316 P.3d 225

WARD & LEE, P.L.C., Plaintiff/Appellant,
v.
CITY OF 
CLAREMORE; SARAH SHARP, CITY CLERK; STAN BROWN, CHIEF OF POLICE; and JULIE 
SPURLING, RECORDS SUPERVISOR, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT
OF ROGERS COUNTY, OKLAHOMA
HONORABLE SHEILA A. CONDREN, JUDGE

REVERSED AND REMANDED

Stephen G. Fabian, Jr., FABIAN & ASSOCIATES, INC. P.C., Oklahoma City, 
Oklahoma, and Josh D. Lee, WARD & LEE, PLC, Vinita, Oklahoma, for 
Plaintiff/Appellant,
Matthew J. Ballard, ROSENSTEIN, FIST & RINGOLD, 
Tulsa, Oklahoma, for Defendants/Appellees.


ROBERT D. BELL, JUDGE:
¶1 Plaintiff/Appellant, the law firm of Ward & Lee, P.L.C., appeals from 
the trial court's order denying the firm's petition for declaratory relief 
brought pursuant to the Oklahoma Open Records Act, 51 O.S. 2011 §24A.1 et seq. 
For the reasons set forth below, we reverse and remand for further 
proceedings.
FACTS AND PROCEDURAL HISTORY
¶2 Josh D. Lee, a principal of Appellant law firm, routinely represents 
clients accused of alcohol and driving related criminal offenses. In the spring 
of 2011, Lee was hired to represent Richard Stangland, who had been arrested by 
a Claremore police officer for driving under the influence of intoxicants on 
March 4, 2011, in Rogers County. On April 18, 2011, Lee sent an Open Records 
request to the Claremore Police Department. The letter identified Stangland by 
his full name and Oklahoma drivers license number. The request sought any and 
all video and audio tape recordings taken in the patrol car, booking area and 
any breath testing area, and copies of the arresting officer's arrest 
report/affidavit of probable cause, accident investigation reports and police 
reports "for the above referenced person on the above referenced date." Lee 
erroneously listed Stangland's arrest date as April 4, 2011, rather than March 
4, 2011.
¶3 In response, Julie Spurling, Records Supervisor for the Claremore Police 
Department, sent Lee a letter directing him to see the attached Claremore Police 
Department video and audio policy. The policy, an "Internal Memo" created by 
Police Chief Stan Brown on March 2, 2011, stated inter alia that any 
person seeking disclosure of any video or audio recording from the department 
for an active criminal case must process their request initially through the 
prosecutorial authority (in this instance the Rogers County District Attorney's 
Office). Spurling's letter made no mention of the erroneous arrest date listed 
in Lee's request and provided no other documents requested by Lee.
¶4 On May 2, 2011, Chief Brown sent a second response to Lee which included 
several documents "reference[d in] your open records request dated April 18, 
2011." Those documents all related to Stangland's March 4, 2011, arrest. With 
respect to video and audio recordings, however, Chief Brown's letter directed 
Lee to follow the procedure outlined in the chief's audio and video policy. Like 
Spurling's previous response, Chief Brown's letter mentioned nothing about 
confusion over Stangland's arrest date. There is no evidence in the record 
Stangland was arrested by Claremore police on any date other than March 4, 
2011.
¶5 On the belief that a video existed showing Stangland's arrest, Appellant 
filed the instant suit on May 24, 2011. The petition sought declaratory relief 
for Appellees' violation of the Open Records Act. Specifically, Appellant 
contended any video and/or audio recordings of Stangland's arrest constituted 
records containing "facts concerning the arrest, including the cause of arrest" 
pursuant to 51 O.S. 2011 §24A.3 
and §24A.8. Appellant's petition also sought an injunction to ensure future 
disclosure for similar requests.
¶6 The record reveals the Claremore Police Department was unable to transfer 
video images and audio files from its database to DVDs from April 1, 2011, to 
June 2, 2011, due to malfunctioning equipment. On June 6, 2011, the Department 
made a DVD copy of the "dash camera" video of Stangland's arrest and forwarded 
it to the Rogers County District Attorney's Office the next day. The District 
Attorney's Office thereafter provided the video to Appellant as part of the 
discovery process in Stangland's criminal prosecution. There is no allegation or 
evidence that the Claremore Police Department possesses any other video or audio 
recordings of Stangland's DUI arrest.
¶7 At the subsequent non-jury trial, Appellees claimed: (1) Appellant's 
lawsuit was moot because the firm ultimately received the recording it sought; 
(2) there has been no violation of the Open Records Act because Appellant listed 
an incorrect date of arrest in its request; and (3) the dash cam recording of 
Stangland's arrest is not a public record subject to public inspection under the 
Act. The trial court denied relief, holding: (1) the issues were not moot 
because Appellant had a reasonable expectation it would be subjected to the same 
action again; (2) Appellees "technically" did not violate the Act because 
Appellant listed the wrong arrest date in its request; and (3) the dash cam 
video, as a direct piece of evidence, is not a public record subject to 
disclosure under the Act. From said judgment, Appellant appeals.
STANDARD OF REVIEW
¶8 A trial court's decision in a declaratory judgment action is "reviewable 
in the same manner as other judgments." 12 O.S. 2011 §1654. In Pacificare 
of Okla. v. Oklahoma Health Care Auth. Bd., 2001 OK CIV APP 73, 25 P.3d 930, the Court 
reiterated:

 
 The appellate court has the plenary, independent, and nondeferential 
 authority to reexamine a trial court's legal rulings. Matters involving 
 legislative intent present questions of law which are examined independently 
 and without deference to the trial court's ruling. The trial court's 
 findings of fact will not be disturbed unless they appear clearly to be 
 against the weight of the evidence. Thus, in actions of equitable 
 cognizance, the judgment made by the trial court will be reversed if it is 
 clearly contrary to the weight of the evidence or contrary to accepted 
 principles of equity or rules of law.
Id. at ¶13, 25 P.3d at 933-4 (citations omitted).
FACTUAL FINDING OF TECHNICAL COMPLIANCE
¶9 We first examine - and reject - the trial court's factual finding that 
Appellees complied with the Open Records Act because Appellee listed the wrong 
arrest date in its request. The date of Stangland's arrest was never an issue 
with Chief Brown and the Claremore Police Department. Although Brown and his 
employees may initially have been confused by the date listed on Appellee's Open 
Records request, Appellees quickly concluded Appellant was seeking information 
about Stangland's arrest on March 4, 2011 - the only arrest for Stangland listed 
in the city's records. Indeed, Chief Brown responded to Appellant's request by 
forwarding many of the documents Appellant requested concerning Stangland's 
March 4, 2011, arrest.
¶10 Chief Brown's refusal to turn over the dash cam video of Stangland's 
arrest was not due to confusion over his arrest date, nor was it related to the 
technical problems the police department was having with its recording 
equipment. The issue in this case has always been about Brown's internal policy 
regarding the releasing of video and audio recordings. Chief Brown testified 
during trial he understood Appellant's request sought a copy of any arrest video 
of Stangland on March 4, 2011. The chief further specifically and repeatedly 
testified he did not authorize the release of the dash cam video of Stangland's 
arrest because of his internal policy. Appellees' argument that they 
refused to turn over the video because of an erroneous arrest date listed in 
Appellant's Open Records request is disingenuous and unsupported by the record. 
Appellees knew exactly what Appellant was seeking. The trial court's conclusion 
that Appellees "technically" complied with Appellant's request because of the 
erroneous date is clearly contrary to the weight of the evidence.
OPEN RECORDS ACT ANALYSIS
¶11 At issue in this case is whether a police car "dash cam" video of a DUI 
arrest is subject to mandatory disclosure under the Open Records Act. Subsection 
24A.8(B) of the Act permits police departments to deny access to law enforcement 
records unless those records are listed in §24A.8(A) or made open by other laws 
or court order.[1] Subsection 24A.8(A) provides in relevant part:

 
 A. Law enforcement agencies shall make available for public inspection, 
 if kept, the following records:
 1. An arrestee description, including the name, date of birth, address, 
 race, sex, physical description, and occupation of the arrestee;
 2. Facts concerning the arrest, including the cause of arrest and the 
 name of the arresting officer.
¶12 The preliminary question is whether Stangland's arrest video is a 
"record" under the Act. The Claremore Police Department clearly falls within the 
definition of "law enforcement agency" set forth in §24A.3(5) of the Act 
("police departments"). "Record," as defined by §24A.3(1) of the Act, includes 
audio and video records "created by, received by, under the authority of, or 
coming into the custody, control or possession of public officials, public 
bodies, or their representatives in connection with the transaction of public 
business, . . ." The dash cam video at issue here is a recording created by and 
under the authority of public officials in connection with the transaction of 
public business. Thus, the arrest video is a "record" as defined by the Act.
¶13 The lynchpin issue here is whether Stangland's arrest video constitutes 
"[f]acts concerning [his] arrest, including the cause of arrest . . ." as 
defined by §24A.8(A)(2). Appellant argues an arrest video may contain the reason 
for the stop, the facts that lead an officer to make an arrest (including field 
sobriety tests and statements), the procedures followed in making the arrest 
(including Implied Consent procedures), and breath or alcohol testing 
procedures. All of these, Appellant contends, constitute "facts concerning 
arrest."
¶14 In Fabian & Associates, P.C. v. State ex rel. Dept. of Pub. 
Safety, 2004 OK 67, 100 P.3d 703, the appellant law 
firm sought declaratory and injunctive relief after being denied, pursuant to an 
Open Records request, access to recordings of DPS administrative hearings 
concerning the revocation of drivers licenses. The Supreme Court held the tape 
recordings of Implied Consent hearings before DPS are "records" as defined by 
the Act and that DPS is required to provide copies of the recordings for public 
inspection. Specifically, the Court held:

 
 [S]ince the tapes contain facts concerning the arrest of the individual 
 who was the subject of the hearing [pursuant to §24A.8(A)(2)], DPS is 
 required to make these tapes available to the 
public.
Fabian at ¶15, 100 P.3d at 706. Appellant in the present case argues, 
and we agree, if an Implied Consent hearing is considered "facts 
concerning the arrest," then surely the video and/or audio recording of the 
actual arrest must also constitute "facts concerning the arrest."
¶15 In Citizens Against Taxpayer Abuse, Inc. v. City of Okla. City, 2003 OK 65, 73 P.3d 871, the Supreme Court 
reiterated:

 
 Unless a record falls within a statutorily prescribed exemption in the 
 [Open Records] Act, the record must be made available for public inspection. 
 The public body urging an exemption has the burden to establish the 
 applicability of such exemption.
Id. at ¶12, 73 P.3d at 875. Appellees in the present case failed to 
show Stangland's arrest video falls within any exception to disclosure under the 
Act. Appellees' argument - and the trial court's holding - that the video is 
exempt because it could be used as evidence in a subsequent criminal prosecution 
is without legal support. There is no such exemption enumerated in the Act.
¶16 We note the Legislature has specifically exempted from the definition of 
"record" in the Act all "audio or video recordings of the Department of Public 
Safety." 51 O.S. Supp. 2005 
§24A.3(1)(h)(3). Appellant's counsel contends this amendment was in direct 
response to his victory in Oklahoma County District Court Case No. CJ-2005-771, 
where the district court held Oklahoma Highway Patrol vehicle video tapes were 
law enforcement records under the Act and must be disclosed without requiring a 
release from the person shown in the videos. The Act contains no similar 
exemptions for audio or video recordings of municipal police departments.
¶17 On the basis of the foregoing, we hold the video of Stangland's arrest 
constitutes a public record subject to inspection under the Open Records Act. 
Accordingly, the judgment of the trial court is reversed and this matter is 
remanded for further proceedings consistent with this opinion. Title 51 O.S. 2011 §24A.17(B) "provides 
that any person denied access to a public record and who successfully brings a 
civil action for declarative or injunctive relief is entitled to reasonable 
attorney fees." Fabian, 2004 
OK 67 at ¶19, 100 P.3d at 707. Appellant's request for reasonable attorney 
fees is hereby granted and the trial court is directed to determine the same on 
remand.

¶18 REVERSED AND REMANDED.

BUETTNER, P.J., concurs, and JOPLIN, C.J., dissents.

FOOTNOTES

[1] 
Subsection 24A.8(B) states in full:
Except for the records listed in subsection A of this section and those made 
open by other state or local laws, law enforcement agencies may deny access to 
law enforcement records except where a court finds that the public interest or 
the interest of an individual outweighs the reason for 
denial.





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 2001 OK CIV APP 73, 25 P.3d 930, 72 OBJ 2014, PACIFICARE OF OKLAHOMA v. OKLAHOMA HEALTH CARE AUTHORITY BOARD
Discussed
Oklahoma Supreme Court Cases Cite
Name
Level 2003 OK 65, 73 P.3d 871, CITIZENS AGAINST TAXPAYER ABUSE, INC. v. CITY OF OKLAHOMA CITY
Discussed 2004 OK 67, 100 P.3d 703, FABIAN & ASSOCIATES, P.C. v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed at Length
Title 12. Civil Procedure Cite
Name
Level 12 O.S. 1654, Determination to Have Effect of Final Judgment - Reviewable as Other Judgments
Cited
Title 51. Officers Cite
Name
Level 51 O.S. 24A.3, Definitions
Discussed 51 O.S. 24A.1, Short Title
Cited 51 O.S. 24A.17, Violations of Oklahoma Open Records Act - Civil Liability
Cited